## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHUONG HOAI CAO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   **Case No. CIV-23-486-G** |
| | ) |
| WARDEN, FTC OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

### ORDER

On June 1, 2023, Phuong Hoai Cao, a federal inmate, filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings. On August 18, 2023, the Warden of the Federal Transfer Center Oklahoma City filed an Answer (Doc. No. 10), to which Petitioner replied (Doc. No. 11).

On October 26, 2023, Judge Mitchell issued a Report and Recommendation (Doc. No. 12), in which she recommended that the Petition be dismissed for failure to exhaust administrative remedies.[1] In the Report and Recommendation, Judge Mitchell advised the parties of their right to object. Judge Mitchell also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal

---

[1] The Report and Recommendation recommends both dismissal and denial of the Petition. The undersigned finds that dismissal is the proper course in this matter. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (affirming dismissal of § 2241 petition on exhaustion grounds).

conclusions contained in the Report and Recommendation.  As of this date, no party has submitted an objection to the Report and Recommendation or sought leave for additional time to do so.

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 12) is ADOPTED as modified herein.  The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice.  A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case.

Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 3rd day of April, 2024.

CHARLES B. GOODWIN
United States District Judge